UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3273 PA (JEMx) | Date | April 10, 2020 |
|---|---|---|---|
| Title | Cynthia Davis v. Redwood Wellness, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

    Before the Court is a Complaint filed by plaintiff Cynthia Davis ("Plaintiff") on April 8, 2020. (Dkt. 1 ("Compl.").)  Plaintiff alleges that the Court possesses diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(d), but the Complaint contains deficiencies.  The Court therefore dismisses the Complaint and grants Plaintiff leave to amend to establish federal subject matter jurisdiction.

    Federal Rule of Civil Procedure 8(a) requires, "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the grounds for the court's jurisdiction . . . ." Fed. R. Civ. P. 8(a)(1).  This District's Local Rules further provide that "[t]he statutory or other basis for the exercise of jurisdiction by this Court shall be plainly stated in . . . any document invoking this Court's jurisdiction." Local Civil Rule 8-1.  Federal courts have subject matter jurisdiction over only those matters authorized by the Constitution and Congress.  <u>Bender v. Williamsport Area Sch. Dist.</u>, 475 U.S. 534, 541 (1986). In seeking to invoke this Court's jurisdiction, Plaintiffs bear the burden of proving that jurisdiction exists.  <u>Scott v. Breeland</u>, 792 F.2d 925, 927 (9th Cir. 1986).

    Plaintiff alleges that "This Court has original jurisdiction over this controversy pursuant to 28 U.S.C. § 1332(d). The amount in controversy in this class action exceeds $5,000,000, exclusive of interest and costs, and there are numerous Class members who are citizens of states other than Defendant's states of citizenship." (Compl. ¶10.)  To establish diversity jurisdiction under the Class Action Fairness Act ("CAFA"), a plaintiff must demonstrate, at a minimum, that at least one plaintiff and one defendant are citizens of different states, that the class contains no less than 100 members, and that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs.  28 U.S.C. § 1332(d)(2), (d)(5).

    Here, Plaintiff's Complaint contains two deficiencies.  First, Plaintiff fails to explicitly allege that her proposed class contains no less than 100 members.  Plaintiff merely alleges that "[t]he members of the proposed Class(es) are so numerous that joinder of all members is impracticable." (Compl. ¶43.)

    Second, Plaintiff alleges that "Defendant Redwood Wellness, LLC is a Limited Liability Company, registered in Delaware with its principal place of business and membership at 11054 Ventura Boulevard, No. 135, Studio City, California 91604." (Id. at ¶14.)  However, the citizenship of a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-3273 PA (JEMx) | Date | April 10, 2020 |
|---|---|---|---|
| Title | Cynthia Davis v. Redwood Wellness, LLC | | |

partnership or other unincorporated entity—such as a limited liability company—is the citizenship of its members.  See Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens.").  "[T]o properly plead diversity jurisdiction with respect to a limited liability company, the citizenship of all members must be pled." Schweiss v. Greenway Health, LLC, 2019 U.S. Dist. LEXIS 90066, at *4 (C.D. Cal. May 29, 2019) (citing NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606 (9th Cir. 2016)) (emphasis added).  Because Plaintiff has not identified all of the members of Redwood Wellness, LLC, or each member's citizenship, Plaintiff has not properly alleged Defendant's citizenship.

For these reasons, the Court dismisses Plaintiff's Complaint for lack of subject matter jurisdiction.  Despite these deficiencies, a district court may, and should, grant leave to amend when it appears that subject matter jurisdiction may exist—even though the complaint inadequately alleges jurisdiction.  See 28 U.S.C. § 1653; Trentacosta v. Frontier Pac. Aircraft Indus., Inc., 813 F.2d 1553, 1561 (9th Cir. 1987) ("Leave to amend a complaint should be freely given in the absence of a showing of bad faith or undue delay by the moving party or prejudice to the nonmoving party."). The Court hereby grants Plaintiff leave to amend to attempt to establish federal subject matter jurisdiction. **Plaintiff's Amended Complaint, if any, shall be filed no later than April 24, 2020.**  The failure to timely respond will result in the dismissal of this action without prejudice.  Plaintiff would then be free to pursue her claims in state court.

IT IS SO ORDERED.